UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY ANTIONNE TOLES,<br>   Plaintiff,<br> v.<br>TAMMY FOSS, et al.,<br>   Defendants. | Case No. 22-cv-01073-YGR (PR)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS; AND DIRECTING DEFENDANTS TO FILE A MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

Plaintiff, who has since been paroled, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging a claim of a violation of his Eighth Amendment rights between November 2018 through April 2019, while he had been previously incarcerated at Salina Valley State Prison ("SVSP"). Dkt. 1.

In an Order dated October 5, 2022, the Court determined that plaintiff stated a cognizable Eighth Amendment claim, relating to the failure to repair the roof of his housing unit, against the following defendants from SVSP: Warden Tammy Foss; Associate Warden M. Atchley; Correctional Officer P. Rakitin, Carpenter/Operations Maintenance T. Vaughn; and "Does: 1-10.". Dkt. 5. The Court has since dismissed all claims against "Does: 1-10." Dkt. 12.

Before the Court is a motion to dismiss plaintiff's complaint filed by the remaining named defendants (hereinafter "defendants") on the grounds that: (1) plaintiff failed to exhaust his administrative remedies before filing suit, (2) his complaint fails to allege sufficient facts to state a claim for relief against defendants Foss and Atchley, and (3) defendant Rakitin is entitled to qualified immunity. Dkt. 10.

For the reasons outlined below, the Court DENIES defendants' motion to dismiss. Dkt. 10.

## II. DEFENDANTS' MOTION TO DISMISS

### A. Failure to Exhaust Administrative Remedies

Defendants argue that plaintiff failed to exhaust available administrative remedies for his Eighth Amendment claim. Dkt. 10 at 10-12.[1]

Under *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc), in the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6). *Id.* at 1169. Otherwise, a defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* A defendant must present probative evidence that there was an available administrative remedy and that the prisoner did not exhaust that available administrative remedy. *Id.*

Here, plaintiff claims that he exhausted available administrative remedies as to his Eighth Amendment claim against defendants. Dkt. 1 at 8. Out of an abundance of caution, as a matter of clarity, and to ensure that plaintiff understands the difference between a Rule 12(b) motion and a motion for summary judgment, defendants' motion to dismiss plaintiff's complaint under the unenumerated portion of Rule 12(b) for failure to exhaust available administrative remedies is DENIED. The denial is without prejudice to defendants renewing the failure to exhaust defense in a motion for summary judgment, if appropriate.

### B. Failure to State a Claim for Relief

The Court shall now consider defendants' alternative argument that plaintiff fails to state a claim for relief against defendants Foss and Atchley. Dkt. 10 at 12.

Dismissal for failure to state a claim is a ruling on a question of law. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). "The issue is not whether the plaintiff ultimately will prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

In this respect, the motion seeks to have the Court revisit a decision already made, as this Court has decided that the complaint did state a claim upon which relief may be granted as to

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

defendants Foss and Atchley. *See* Dkt. 7 at 2-3. As mentioned above, on October 5, 2022, the Court did an initial screening of the complaint under 28 U.S.C. § 1915A, which requires the Court to dismiss, among other things, any claims that "fail to state a claim upon which relief may be granted." *See id.* at 1-2. The Court noted that plaintiff had alleged that defendants Foss, Atchley, Rakitin, and Vaughn were aware "that SVSP Facility B, Building 1 is a dilapidated, crumbling, defective, unfit and unsafe housing unit, but armed with this safety hazard foreknowledge took no action to correct the unsafe[,] hazardous living conditions, nor to provide the inmates housing in this defective unit with any means of protection from the known foreseeable serious injuries and health risk posed by the unsafe dangerous living conditions." *Id.* at 3 (quoting Dkt. 1 at 17). The Court determined that plaintiff's allegations against defendants (including defendants Foss and Atchley) in his complaint, when liberally construed, appeared to state a claim for relief (specifically, an Eighth Amendment claim). *Id.* at 2-3.

To seek reconsideration of an interlocutory order, such as the decision in the October 5, 2022 Order with regard to whether the complaint stated a claim upon which relief may be granted, defendants had to comply with Local Rule 7-9(a). Here, defendants did not do so. Defendants did not obtain leave of court to file a motion for reconsideration, and made no argument in the attached brief that would suggest that defendants could pass the test for such permission. That is, defendants did not show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* N. D. Cal. Civil L.R. 7-9(b). Even without the special requirements for motions to reconsider, defendants would have the problem that a pleading challenge following a section 1915A screening of a prisoner complaint rarely will be successful, especially in light of the requirement that *pro se* complaints be liberally construed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citations omitted); *Barrett v. Belleque*, 544

3

1    F.3d 1060, 1061-62 (9th Cir. 2008) ("'*Pro se* complaints are to be construed liberally and may be
2    dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can
3    prove no set of facts in support of his claim which would entitle him to relief.'")

4        Accordingly, defendants' motion to dismiss on the alternative ground of failure to state a
5    claim is also DENIED as to the Eighth Amendment claim against defendants Foss and Atchley.
6    Thus, defendants' aforementioned ground for dismissal is more properly raised in a motion for
7    summary judgment.

8        **C.    Qualified Immunity**

9        Finally, defendants assert that defendant Rakitin is entitled to the defense of qualified
10   immunity. Dkt. 10 at 13-14. Because defendant Rakitin is the only defendant who raises this
11   argument, the Court considers only his motion for qualified immunity. *Id.*

12       Qualified immunity protects "government officials . . . from liability for civil damages
13   insofar as their conduct does not violate clearly established statutory or constitutional rights of
14   which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).
15   The rule of qualified immunity protects "all but the plainly incompetent or those who knowingly
16   violate the law;" defendants can have a reasonable, but mistaken, belief about the facts or about
17   what the law requires in any given situation. *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (internal
18   quotation and citation omitted) *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223,
19   236 (2009). "Therefore, regardless of whether the constitutional violation occurred, the [official]
20   should prevail if the right asserted by the plaintiff was not 'clearly established' or the [official]
21   could have reasonably believed that his particular conduct was lawful." *Romero v. Kitsap County*,
22   931 F.2d 624, 627 (9th Cir. 1991). A court considering a claim of qualified immunity must
23   determine whether the plaintiff has alleged the deprivation of an actual constitutional right and
24   whether such right was clearly established such that it would be clear to a reasonable officer that
25   his conduct was unlawful in the situation he confronted. *See Pearson*, 555 U.S. at 236
26   (overruling the sequence of the two-part test that required determination of a deprivation first and
27   then whether such right was clearly established, as required by *Saucier* and holding that court may
28   exercise its discretion in deciding which prong to address first, in light of the particular

circumstances of each case). Qualified immunity is particularly amenable to summary judgment adjudication. *Martin v. City of Oceanside*, 360 F.3d 1078, 1081 (9th Cir. 2004).

Here, defendant Rakitin brings this motion for qualified immunity as a motion to dismiss, pursuant to Rule 12(b)(6). In support of this motion, defendant Rakitin relies solely on plaintiff's complaint. Defendant Rakitin has submitted no other declarations or evidence outside the pleadings relevant to a qualified immunity determination. Meanwhile, as explained above, plaintiff has adequately alleged an Eighth Amendment claim against defendants. Specifically, plaintiff has alleged that defendant Rakitin along with the other named defendants

> failed jointly and severally to repair the defective and known reoccurring injury causing hazardous prison cell faulty roofing that began to leak on November 26, 2018 . . . and consistently flooded and leaked daily with cold contaminated water containing feces requiring [plaintiff] to mop and push water out of the cell 3 to 4 times a day.

*Id.* at 4-5. During the time period of the alleged acts, the law was clearly established that the failure of prison officials to provide prisoners with adequate sanitation violates the Eighth Amendment. However, the question—of whether defendant Rakitin could reasonably have believed that his conduct was lawful—is more properly resolved on a motion for summary judgment, when defendant Rakitin is entitled to present evidence on his behalf and the Court may properly consider such evidence. *See, e.g.*, *Morley v. Walker*, 175 F.3d 756, 761 (9th Cir. 1999) (affirming the district court's denial of a dismissal motion on grounds of qualified immunity because the court's review is confined only to the contents of the complaint). Thus, for the purposes of the instant motion, the Court cannot resolve the issue of whether defendant Rakitin is entitled to qualified immunity. Therefore, the Court DENIES defendant Rakitin's alternative argument that he is entitled to qualified immunity as to plaintiff's Eighth Amendment claim against him. Again, the denial is without prejudice to defendants renewing the qualified immunity defense in a motion for summary judgment, if appropriate.

Accordingly, the parties shall abide by the following briefing schedule outlined below.

### III.   CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. The Court DENIES defendants' motion to dismiss as to plaintiff's Eighth

Amendment claim against them based on all grounds (failure to exhaust, failure to state a claim, and qualified immunity).  Dkt. 10.  The denial is without prejudice to defendants raising the aforementioned grounds for dismissal in a motion for summary judgment.

2.	The parties shall abide by the following briefing schedule:

a.	Defendants shall file a motion for summary judgment within **sixty (60) days** from the date this Order is filed.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.

Defendants are reminded that a motion for summary judgment also must be accompanied by a *Rand*[2] notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment).  If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on plaintiff.

b.	Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on defendants no later than **twenty-eight (28) days** after the date on which defendants' motion is filed.

Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63.

(The *Rand* notice above does not excuse defendants' obligation to serve said notices again concurrently with any motions for summary judgment.  *Woods*, 684 F.3d at 935.)

   c. Defendants shall file a reply brief no later than **fourteen (14) days** after the date plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

3. This Order terminates Docket No. 10.

IT IS SO ORDERED.

Dated:  September 5, 2023

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge